UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DANIEL M. DAVIS,

           Petitioner,

    v.

UNITED STATES OF AMERICA,

           Respondent.

Case No. 1:12-CV-00646-EJL
          1:07-CR-00255-EJL

**MEMORANDUM DECISION
AND ORDER**

## INTRODUCTION

Pending before the Court in the above-entitled matter are Petitioner's § 2255 Motion to vacate, set aside, or correct sentence and related filings. (CV Dkt. 20, 26-28, 37, 41, 42, and 46.)[1] The Government has filed responses to which Petitioner has replied. The matter is ripe for the Court's consideration.

## FACTUAL AND PROCEDURAL BACKGROUND

The Indictment in this case charged the Petitioner Daniel M. Davis with Possession of Sexually Explicit Images of Minors and Criminal Forfeiture. (CR Dkt. 14.) On June 19, 2008, Mr. Davis entered a guilty plea pursuant to a written Plea Agreement at which time he was represented by trial counsel. (CR Dkt. 52.) Thereafter, Mr. Davis

---

[1] In this Order, the Court will use (CR Dkt.   ) when citing to the criminal case (1:07-cr-255-EJL) and (CV Dkt.   ) when citing to the civil case (4:12-cv-00646-EJL).

filed a Motion for Self Representation and his trial counsel requested leave to withdraw. (CR Dkt. 55, 59.) On September 15, 2008, the Court held a hearing and new counsel was appointed. (CR Dkt. 66, 72.) Thereafter, Mr. Davis and his new counsel filed various motions concerning Mr. Davis' representation in this matter and the Court held hearings on the same. Mr. Davis also sought to withdraw his plea. Ultimately, the Court denied Mr. Davis' request to withdraw his plea and for new appointment of counsel but allowed Mr. Davis to proceed at his sentencing hearing *pro se* with the assistance of standby counsel. (CR Dkt. 93.) Mr. Davis then made several filings requesting return of property and legal funds, a motion to suppress, and a motion to dismiss. The Court ruled on these matters in written Orders. (CR Dkt. 103, 106.)

On February 9, 2009, the Court sentenced Mr. Davis to a total of 168 months incarceration to be followed by a term of supervised release. (CR Dkt. 109, 110.) A Notice of Appeal was filed on the same day. (CR Dkt. 107.) On appeal, the Ninth Circuit appointed new appellate counsel to represent Mr. Davis and denied his later request to represent himself on appeal. (CR Dkt. 116, 131.) On April 13, 2010, the Ninth Circuit remanded the case to this Court for reconsideration of Mr. Davis' request to withdraw his guilty plea. (CR Dkt. 133.) On September 2, 2010, this Court held an evidentiary hearing regarding the remand. (CR Dkt. 148.) Thereafter, on October 6, 2010, the Court issued a written Order denying Mr. Davis' Motion to Withdraw his Plea. (CR Dkt. 149, 151.) Mr. Davis filed a Notice of Appeal of that decision. (CR Dk. 152.)

On August 5, 2011, the Ninth Circuit dismissed the appeal for lack of jurisdiction based on Mr. Davis' waiver of appeal in the Plea Agreement and further concluded that

MEMORANDUM DECISION AND ORDER - 2

this Court correctly denied Mr. Davis' Motion to Withdraw his Plea. (CR Dkt. 160.) On October 18, 2011, the Ninth Circuit issued its Mandate. (CR Dkt. 163.)

On December 26, 2012, Petitioner filed his § 2255 Motion. (CR Dkt. 165) (CV Dkt. 1.) The Court struck that Motion as unduly exceeding the page limitations but granted the Petitioner leave to file an amended § 2255 Motion which he did on September 5, 2014. (CV Dkt. 19, 20.)[2] The Government has responded and Petitioner has filed his reply. (CV Dkt. 31, 34, 35.) Mr. Davis has made several other filings relating to this matter. The Court finds as follows.

## ANALYSIS

### 1.   Motion for Leave to Amend and/or Supplement the § 2255 Motion

Petitioner seeks leave to amend his § 2255 Motion to challenge his "first" conviction – referring to his 2002 conviction for receiving child pornography in interstate commerce in Case Number 1:01-cr-00188-EJL - as unconstitutional pursuant to *Dubrin v. California*, 720 F.3d 1095, 1099 (9th Cir. 2013). (CV Dkt. 37.) Petitioner argues the 2002 conviction significantly enhanced his punishment in this case making him subject to a heightened statutory minimum. Petitioner alleges he is "actually innocent" of the 2002 violation because the government failed to prove use of actual minors in alleged images of sexually exploitative material and that he was entrapped. Further, Petitioner contends

---

[2] In an abundance of caution and to ensure each and every one of Petitioner's claims are fully considered and addressed, the Court has reviewed the materials and briefing Petitioner filed in his initial § 2255 Motion. (CV Dkt. 1.) Given the fact that the Government references those materials in its response (CV Dkt. 31) and the Court's ruling stated herein, there is no prejudice to the Government in the Court having considered those materials.

MEMORANDUM DECISION AND ORDER - 3

he was not adequately represented on the first conviction and, therefore, the conviction should not stand. The Government opposes the Motion. (CV Dkt. 38.) In his reply, Petitioner maintains he should be allowed to file an amendment supplementing his claim because he "was never afforded the opportunity to challenge the prior conviction used to enhance the subsequent sentence." (CV Dkt. 39.)

The Petitioner cannot challenge his 2002 conviction in the § 2255 Motion filed in this case. "If...a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255." *See Daniels v. United States*, 532 U.S. 374, 381-82 (2001) (holding that a defendant may not challenge a sentence in a 28 U.S.C. § 2255 proceeding by collaterally attacking the validity of an earlier conviction). Despite his arguments to the contrary, Petitioner unsuccessfully contested his conviction in the 2002 case numerous times before this Court and the Ninth Circuit. (Case No. 1:01-cr-00188-EJL, CR Dkt. 44, 51, 55, 73, 112, 117.) Therefore, the rule barring collateral attacks on a prior conviction precludes the argument Petitioner seeks to raise by amendment/supplement of his § 2255 Motion.

Furthermore, the exceptions to this rule do not apply here. *Daniels*, 532 U.S. at 381-82; s*ee also Lackawanna Cnty. Dist. Attny. v. Coss*, 532 U.S. 394, 405 (2001) (extending *Daniels* to § 2254 habeas petitions brought by state prisoners); *Dubrin*, 720

MEMORANDUM DECISION AND ORDER - 4

F.3d at 1099. The Petitioner was represented in his 2002 case, there is no newly-discovered evidence or law that could not have been raised in his earlier challenges, and he fully contested his prior conviction.[3] For these reasons, the Court denies this Motion.

## 2. Motions for Interlocutory Partial Summary Judgment

Petitioner has filed Motions for Interlocutory Partial Summary Judgment seeking to vacate the "48 month sentence" imposed based on undisclosed revisions to the presentence report contained in the Government's sentencing memorandum and used by the Court when imposing sentence. (CV Dkt. 41, 46.) The claims underlying these Motions are raised in the § 2255 Motion which the Court addresses elsewhere in this Order. These Motions, therefore, are deemed moot as the arguments and claims made therein have been decided. Alternatively, the Motions are denied as improper attempts to amend/file a successive § 2255 Motion. *See* 28 U.S.C. § 2255(h).

## 3. Motion to Correct Presentence Report and Sentencing Memorandum

Petitioner seeks to correct errors and misrepresentations he alleges are contained in the presentence report which prejudicially affected his sentencing. (CV Dkt. 42.) Petitioner claims the presentence report was modified from the October 15, 2008 report without his being notified, he was not allowed to "elucidate" on the changes, and he has set forth a number of proposed corrections. In addition, Petitioner proposes corrections to the Government's Sentencing Memorandum. Wrapped up in these arguments are

---

[3] The Court rejects Petitioner's arguments that he effectively was without counsel in the 2002 case because his counsel was ineffective. (CV Dkt. 39.)

Petitioner's claims of ineffective assistance of counsel, prosecutorial misconduct, sentencing errors, and the like. Petitioner also again asks that the Court reevaluate his 2002 conviction and reconsider the sentence imposed in this case. The Motion cites to both Federal Rule of Criminal Procedure 36 and Federal Rule of Civil Procedure 60. The Government opposes the Motion. (CV Dkt. 44.)

Criminal Rule 36 allows the Court to correct any clerical error in a judgment, order, or other part of the record. Fed. R. Crim. P. 36. It does not allow substantive corrections to the record as sought by Petitioner on this Motion. Civil Rule 60 also does not afford Petitioner the relief he seeks here. Fed. R. Civ. P. 60. The arguments made in this Motion seek to supplement, amend, and/or file a successive § 2255 Motion. Such relief is not provided for in Civil Rule 60. Furthermore, the Court has addressed the substance of these arguments in its ruling on the § 2255 Motion as stated herein. For these reasons, the Motion is denied.

**4.      Motions to Unseal, Strike, and/or Provide Copies of the Record**

Petitioner has filed two Motions asking that certain documents contained in the criminal case docket be unsealed, provided to him, and/or stricken. (CV Dkt. 26, 28.) The Court addresses each of Petitioner's requests below.

Docket 69 relates to a Motion to Withdraw as counsel in this matter. It has no bearing on this § 2255 proceeding and is appropriately sealed as it concerns attorney/client material.

Docket 22, 26, 29, 32 are all properly filed under seal as they relate to the Petitioner's private medical information.

MEMORANDUM DECISION AND ORDER - 6

Docket 23 is a Notice of Appearance of John E. Sutton and Charles C. Crafts. Those attorneys were retained and appeared on Petitioner's behalf in this matter. (CR Dkt. 17, 23.) As such, the Motion to Strike is denied.

Docket 75, 78, and 90 are properly sealed as they contain potential attorney-client information.

Docket 76 is a letter from the Petitioner which includes potentially personal information and is, therefore properly sealed.

Docket 86 is not sealed.

As to Petitioner's request for copies of certain documents, Docket Numbers 26, 39, 69, and 75, the Court denies the same. For the reasons stated in this Order, Petitioner's claims are frivolous and without merit. Copies of the requested documents would not assist the Petitioner in pursuing his frivolous claims. These Motions are denied.

**5.      Motion for Appointment of Standby Counsel**

Petitioner asks for appointment of standby counsel pursuant to 18 U.S.C. § 3006A to assist him in his legal research, interviewing witnesses, developing testimony, conducting discovery, and completing depositions and interrogatories. (CV Dkt. 27.)

While there is no constitutional right to habeas counsel, an indigent petitioner seeking relief under 28 U.S.C. § 2255 may move the court for appointment of representation to pursue that relief. *See* 18 U.S.C. § 3006(A)(2)(B); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court has discretion to appoint counsel at any stage of a case "if the interests of

MEMORANDUM DECISION AND ORDER - 7

justice so require." 18 U.S.C. § 3006(A)(2); s*ee also* Rule 8(c) of the Rules Governing §

2255 Proceedings; *United States v. Harrington*, 410 F.3d 598, 599 (9th Cir. 2005). The

interest of justice so requires where the complexities of the case are such that denial of

counsel would amount to a denial of due process. *See Brown v. United States*, 623 F.2d

54, 61 (9th Cir. 1980). "In the absence of such circumstances, a request for counsel in

proceedings under section 2255 is addressed to the sound discretion of the trial court."

*Dillon v. United States*, 307 F.2d 445, 446-47 (9th Cir. 1962). Further, "[i]n deciding

whether to appoint counsel in a habeas proceeding, the district court must evaluate the

likelihood of success on the merits as well as the ability of the petitioner to articulate his

claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*,

718 F.2d 952, 954 (9th Cir. 1983).

Having reviewed the record in this case, the Court denies the request for

appointment of counsel. This case is not one that is so complex that denial of counsel

would amount to a denial of due process. Further, the record clearly shows the Petitioner

is able to represent himself based on his filings articulating his legal and factual

position/arguments. Moreover, Petitioner has failed to show a likelihood of success on

the merits of his § 2255 Motion. The Motion for Appointment of Counsel is denied.

## 6.    Section 2255 Motion

### A.    Standard of Review

Section 2255 permits a federal prisoner in custody under sentence to move the

court that imposed the sentence to vacate, set aside, or correct the sentence on the

grounds that:

MEMORANDUM DECISION AND ORDER - 8

the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack ....

§ 2255(a); *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962) (articulating the four grounds upon which § 2255 relief can be claimed).

### B.   Dismissal of the Petition without a Hearing

The § 2255 Motion in this case raises several claims challenging Petitioner's guilty plea, ineffective assistance of counsel by trial and appellate counsels, and constitutional violations by the Government and this Court. (CV Dkt. 1, 20.) The Government asserts the claims are without merit, procedurally barred, frivolous, and that the § 2255 Motion should be dismissed without a hearing. (CV Dkt. 31.)

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255(b)). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2010). A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently frivolous." *Id.* at 1062–63 (citation omitted). That is to say, the court may deny a hearing if the movant's

MEMORANDUM DECISION AND ORDER - 9

allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted).

Where it is clear the petitioner has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986). To warrant a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *McMullen*, 98 F.3d at 1159 (citation omitted). Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

Because it is clear the § 2255 Motion in this case fails to state a claim and has asserted "no more than conclusory allegations, unsupported by facts and refuted by the record," this Court denies the § 2255 Motion without an evidentiary hearing for the reasons stated herein. *Quan*, 789 F.2d at 715.

### C.    Claims Previously Decided, Waived, and Procedurally Barred

Petitioner has raised several claims which have been waived and/or are barred from being raised in his § 2255 Motion. (CV Dkt. 1, 20.)

First, the Petitioner expressly waived his right to appeal and collaterally attack his conviction, entry of judgment, sentence, or entry of sentence in his written Plea Agreement. (CR Dkt. 56.) The Petitioner retained the right to file one direct appeal only where: 1) the sentence imposed exceeds the statutory maximum, 2) the Court applied an

MEMORANDUM DECISION AND ORDER - 10

upward departure under Chapter 5K of the Sentencing Guidelines, and 3) the Court's sentence exceeded the Sentencing Guidelines range. (CR Dkt. 56). Additionally, the Plea Agreement allowed for the Petitioner to file one § 2255 Motion raising a claim of ineffective assistance of counsel based on information not known, and could not have been known, at the time of sentencing. The Ninth Circuit has upheld the waiver in this case in the Petitioner's direct appeal. (CR Dkt. 160.) Any claims raised in this § 2255 Motion challenging the conviction, entry of judgment, sentence, or entry of sentence are waived.

Second, Petitioner's claims with regard to the voluntariness and/or withdrawing of his guilty plea were raised, considered, and decided in his direct appeal. Section 2255 is not a substitute for appeal. *United States v. Addonizio*, 442 U.S. 178, 184 (1979). If the matter has been decided adversely to the defendant on direct appeal, the matter cannot be relitigated on collateral attack. *Clayton v. United States*, 447 F.2d 476, 477 (9th Cir. 1971); *Feldman v. Henman*, 815 F.2d 1318 (9th Cir. 1987). Claims previously raised on appeal "cannot be the basis of a § 2255 motion." *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985). The Court, therefore, finds the claims decided in Petitioner's direct appeal are barred from being relitigated in this § 2255 action.

Third, many of Petitioner's claims – in particular those alleging constitutional violations by the Court and the Government - were not raised on appeal and, therefore, are procedurally barred. The general rule is that a criminal defendant procedurally defaults his § 2255 claims if he could have raised them on direct appeal but failed to do so. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Ratigan*, 351

F.3d 957, 962 (9th Cir. 2003).[4] In order for the Court to consider procedurally defaulted claims the petitioner must show (1) "cause" for not raising the claim sooner and "actual prejudice" resulting from the alleged error; or (2) his "actual innocence." *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Ratigan*, 351 F.3d at 960.

Cause requires the petitioner to "show that 'some objective factor external to the defense' impeded his adherence to the procedural rule." *United States v. Skurdal*, 341 F.3d 921, 925 (9th Cir. 2003) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). For prejudice, the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). A district court need not address both the cause and prejudice prongs if the petitioner fails to satisfy one. *Id.* at 168. "To invoke the actual innocence exception, [petitioner] must show that in light of all the evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup av. Delo*, 513 U.S. 298, 327 (1995)). In this case, the Petitioner has shown neither cause nor prejudice resulting from the alleged errors by the Court or counsel for the Government. Further, the Petitioner has not shown actual innocence.

---

[4] Ineffective assistance of counsel claims are an exception to the procedural default. *Massaro*, 538 U.S. at 509. Such claims may be brought in a collateral proceeding under Section 2255, "whether or not the petitioner could have raised the claim on direct appeal." *Id.* The Court has considered the merits of the Petitioner's ineffective assistance of counsel claims in this Order.

MEMORANDUM DECISION AND ORDER - 12

In this Order, the Court will discuss the substance of Petitioner's claims that have not been waived and are not otherwise barred. Those claims which Petitioner has waived and/or are barred, are not discussed. *Massaro*, 538 U.S. at 504 ("The procedural-default…is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments."); *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence.").

**D.      Ineffective Assistance of Counsel**

Petitioner argues each of his trial and appellate counsels were ineffective in their representation. (CV Dkt. 1, 20.) The Government asserts the Petitioner has failed to show any deficiency or prejudice by any of his attorneys in this matter and has filed Affidavits from all of the attorneys who represented the Petitioner in this case. (CV Dkt. 31.)[5]

The Sixth Amendment guarantees "the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). A petitioner claiming ineffective assistance of counsel must allege specific facts which, if proved, would demonstrate that 1) counsel's actions were "outside the wide range of professionally competent assistance," and 2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-690 (1984). Mere conclusory allegations do not prove

---

[5] The Court granted the Government's Motion Waiving the Attorney Client Privilege making it possible for these affidavits to be filed. (CV Dkt. 21, 24.)

that counsel was ineffective. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989). Petitioner fails to state a claim for ineffective assistance by failing to allege facts sufficient to meet either the "performance" or "prejudice" standard, and the district court may summarily dismiss his claim. Stated differently, "[t]o be entitled to habeas relief due to the ineffectiveness of defense counsel, petitioner must establish both that counsel's performance was deficient and that the deficiencies prejudiced the defense." *Medina v. Barnes*, 71 F.3d 636, 368 (9th Cir. 1995) (quoting *Strickland*, 466 U.S. at 687, 689).

Under the first prong, establishing "deficient performance" requires the movant to show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687; *Harrington v. Richter*, 562 U.S. 86, 104 (2011). "Deficient performance" means representation that "fell below an objective standard of reasonableness." *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011). The Court evaluates "counsel's performance from [their] perspective at the time of that performance, considered in light of all the circumstances, and we indulge a strong presumption that counsel's conduct fell within the 'wide range of reasonable professional assistance.'" *Medina*, 71 F.3d at 368 (quoting *Strickland*, 466 U.S. at 689). A tactical decision by counsel with which the defendant disagrees cannot form the basis of an ineffective assistance of counsel claim. *See Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990); *Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 1984).

Strickland's second prong requires the Petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable

MEMORANDUM DECISION AND ORDER - 14

probability is a "probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 693). "[A]n attorney's inadequate representation does not rise to the level of a constitutional violation unless the deficiency so infected the adversarial process as to raise doubts about the reliability of the proceeding's outcome." *Howard v. Clark*, 608 F.3d 563, 568 (9th Cir. 2010) (citing *Strickland*, 466 U.S. at 687). Again, a "mere conclusory statement" showing neither cause nor actual prejudice is insufficient for relief under § 2255. *See Mejia-Mesa*, 153 F.3d at 929 (citation omitted). A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the movant as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697. Nor does the court need to address both prongs of the *Strickland* test if the petitioner's showing is insufficient as to one prong. *Id.*

### i. Federal Defender Services of Idaho

At his Initial Appearance on August 16, 2007, Attorney Robert K. Schwarz of the Federal Defender Services of Idaho (Federal Defenders) appeared on behalf of the Petitioner. (CR Dkt. 5, 6.) Thereafter, Attorney Thomas Monaghan, also of the Federal Defenders, made a filing on behalf of the Petitioner. (CR Dkt. 11.) On October 15, 2007, newly retained counsel Attorney John E. Sutton made his first appearance and was substituted as counsel with the Federal Defenders being released from their appointment in this case. (CR Dkt. 17.)

Petitioner argues Attorneys Schwarz and Monaghan were ineffective by failing to conduct any background investigation, interview witnesses, or consider any defenses; manipulating him into waiving preliminary and detention hearings; inadequately advising him concerning plea offer; and expending appropriate resources. (CV Dkt. 20 at 6.) Each of these allegations are soundly rebuffed and disclaimed by both Attorneys' Affidavits as well as the record in the criminal case. (CV Dkt. 31, Exs. 1 and 2.)

Attorneys Schwarz and Monaghan represented the Petitioner for just shy of two months during the early procedural phase of the criminal proceedings.[6] The record shows their filings on behalf of the Petitioner were in line with the regular and objectively reasonable practice for attorneys at that stage of the case. Moreover, the Affidavits of both Schwarz and Monaghan explain their reasoning for proceeding as they did showing their representation was squarely within what competent, reasonable counsel would do in this case. (CV Dkt. 31, Exs. 1 and 2.) Petitioner has pointed to no particular allegations, evidence, or witnesses which these Attorneys unreasonably failed to consider, investigate, or interview at the preliminary stage of the criminal case during which they represented the Petitioner. Just the opposite, their representation of Petitioner was within the range of competence demanded of attorneys in criminal cases. *See Hill*, 474 U.S. at 56. Additionally, Petitioner has shown no prejudice resulting by these Attorneys given he

---

[6] This Court reappointed the Federal Defenders on September 15, 2008 after retained counsel withdrew. (CR Dkt. 66, 67.) Just days later, however, the Court allowed the Federal Defenders to withdraw due to a conflict of interest. (CR Dkt. 68, 69, 71.) Another CJA Panel Attorney, Phillip Gordon, was appointed. (CR Dkt. 72.) Thus, the Federal Defenders had no further involvement with the case or Petitioner after they withdrew in October of 2007.

MEMORANDUM DECISION AND ORDER - 16

was represented by the retained counsel of his choosing for the majority of this case during which the Petitioner entered his guilty plea. For these reasons, the Court denies Petitioner's Motion as to this claim against Attorneys Schwarz and Monaghan.

### ii.   Trial Counsel John Eric Sutton and Charles Crafts

Retained counsel, Attorney John Eric Sutton, appeared and was substituted as counsel for Petitioner on October 15, 2007. (CR Dkt. 17.) Attorney Sutton and Attorney Charles Crafts practice in the same law firm and jointly filed a Notice of Appearance in this case. (CR Dkt. 23.) These Attorneys represented the Petitioner until September 15, 2008 when they were allowed to withdraw. (CR Dkt. 66.) Their eleven month representation of Petitioner included the filing of several motions, extensive plea negotiations, and the Petitioner's guilty plea. Petitioner raises several claims of ineffective assistance of counsel against Attorneys Sutton and Crafts. (CV Dkt. 1, 20.)

### a)   Manipulation of the Guilty Plea

The bulk of these claims arise from Petitioner's continued arguments that he was coerced into pleading guilty and that he should be allowed to withdraw his plea. Those claims are barred as they have already been fully and finally litigated on direct appeal. (CR Dkt. 148, 149, 160); *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition.") (citation omitted).

Even considering these claims on their merits, the Court finds the record rebuts Petitioner's allegations. To challenge his guilty plea based on ineffective assistance of

MEMORANDUM DECISION AND ORDER - 17

counsel, Petitioner must show that counsels' performance fell below the objective standard of reasonableness and that, but for such errors, he would not have pled guilty and, instead, would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 57-60 (1985) (establishing a two prong test to challenge guilty pleas based on ineffective assistance of counsel). Petitioner's has made only conclusory and unsupported allegations that fail to show any deficiency or prejudice by Attorneys Sutton or Crafts with regard to his guilty plea. This Court held an evidentiary hearing on this very issue during which the Petitioner and both Attorneys testified concerning the same. (CR Dkt. 148, 149, 155.) Additionally, the Government has filed Affidavits of both Attorneys in response to these claims. (CV Dkt. 31, Exs. 3 and 4.) The testimony from the evidentiary hearing and the Attorneys' Affidavits clearly rebut the Petitioner's claims of coercion or any impropriety with regard to his entry of a guilty plea. For these reasons, the Court denies these claims.

### b)      Insanity and Mental Competency Defenses

Petitioner makes several claims that Attorneys Sutton and Crafts failed to investigate, explore, understand, and raise certain mental health defenses such as insanity, state of mind, and diminished capacity. (CV Dkt. 20 at 6, 15.) The record again rebuts these claims. Defense counsel did seek to have a mental evaluation completed and the record shows the Attorneys did in fact investigate possible mental health defenses. (CR Dkt. 22, 25, 26, 28.) The transcript from the September 2, 2010 evidentiary hearing before this Court and in the Affidavits filed in this civil case, however, reveals that the Petitioner repeatedly attempted to fabricate his own insanity or incompetency. (CR Dkt. 149, 155) (CV Dkt. 31, Exs. 3, 4, and 6.) Further, the diminished capacity defense does

MEMORANDUM DECISION AND ORDER - 18

not apply to the crime in this case of possession of sexually explicit images of minors in violation of 18 U.S.C. § 2252(a)(4)(B). *See United States v. Larson*, 346 Fed. Appx. 166, 168, (9th Cir. 2009) (district court properly rejected diminished capacity defense because possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) is a crime requiring only general intent).

Counsels' refusal to pursue such defenses in the face of such a falsehood is not deficient or prejudicial. *See Nix v. Whiteside*, 475 U.S. 157, 166 (1986). Counsel is not ineffective for failing to make meritless and/or frivolous arguments. *Strickland*, 466 U.S. at 687-88. The alleged "failure" to take futile action can never be deficient performance. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996). "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982). "An attorney is not required to present a baseless defense or to create one that does not exist." *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986) (citing *United States v. Cronic*, 466 U.S. 648, 656-57 n. 19 (1984); *see also Chapman v. United States*, 74 Fed. App'x 590, 593 (6th Cir. 2003) ("Counsel is not required by the Constitution to raise frivolous defenses or arguments to avoid a charge of ineffective representation.").

There is simply no basis for defense counsel to have asserted an insanity, diminished capacity, or mental competency defense in this case. As such, defense counsels' performance was not deficient or prejudicial in this regard. These claims are denied.

MEMORANDUM DECISION AND ORDER - 19

### c)      Failure to Investigate, Prepare for Trial, Contest Charge

Petitioner claims Attorneys Sutton and Crafts were ineffective by failing to investigate, interview witnesses, make trial preparations, and otherwise challenge the Government's case against him. (CV Dkt. 20 at 7, 8, 14, 16.) Again, these claims are all belied by the record. The Affidavits of counsel establish that their tactical decision to pursue a strategy to negotiate a plea agreement whereby Petitioner avoided the possibility of a significantly greater sentence given the lack of any viable defense to the charge was objectively reasonable and consistent with actions taken by reasonable and competent counsel. (CV Dkt. 31, Exs. 3 and 4.) The conclusory and unsupported allegations by Petitioner fail to overcome the presumption that this was sound trial strategy. *Strickland*, 466 U.S. at 689 (citation omitted). Because Petitioner has not shown any deficient performance or prejudice, the Motion is denied as to these claims.

### d)      Conflict of Interest over Fees and Representation

Petitioner raises various allegations concerning his fee arraignment with Attorneys Crafts and Sutton. (CV Dkt. 20 at 9-10.) Specifically, Petitioner contends these Attorneys "harvest[ed]" his personal properly in the name of securing their retainer fee creating a conflict of interest in violation of the Sixth Amendment. (CV Dkt. 9-10.)

"In order to establish a violation of the Sixth Amendment [based on a conflict of interest], a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *United States v. Wells*, 394 F.3d 725, 733 (9th Cir. 2005) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980)). If this standard is met, prejudice is presumed. *Id.* (citing *Mickens v. Taylor*, 535 U.S. 162,

MEMORANDUM DECISION AND ORDER - 20

166 (2002); *United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir. 2003)). Nonetheless, "[a]n actual conflict must be proved through a factual showing on the record." *Morris v. State of Cal.*, 966 F.2d 448, 455 (9th Cir. 1991). Under this standard, an "'actual conflict'" is "a conflict that affected counsel's performance-as opposed to a mere theoretical division of loyalties." *Wells*, 394 F.3d at 733 (quoting *Mickens*, 535 U.S. at 171) (citing *United States v. Baker*, 256 F.3d 855, 860 (9th Cir. 2001) (noting that an "attorney has an actual, as opposed to a potential, conflict of interest when, during the course of the representation, the attorney's and the defendant's interests diverge with respect to a material factual or legal issue or to a course of action.")).

Petitioner's allegations in this case are conclusory and contrary to the record. The Affidavits of Sutton and Craft include attachments of letters reflecting the Petitioner's understanding and agreement that both counsel would be representing him, the amount of the retainer, and estimated cost range for their services. (CV Dkt. 31, Ex. 4, Att. A) (CV Dkt. 31, Ex. 7, Att. A.)[7] Even if Petitioner claims are true that the Attorneys removed property from his home and charged his credit card, there is no evidence in this case that such actions or the fee arrangement created an "actual conflict" of interest. (CV Dkt. 1, Ex. B at p. 127.) The fee arraignment and any collection activities did not put the Attorneys at odds with Petitioner or Petitioner's interests. As discussed above, Attorneys Sutton and Crafts did not take, or refrain from taking, action that was detrimental to

---

[7] These letters also disclaim Petitioner's argument that he "never hired" Attorney Sutton. (CV Dkt. 28) (requesting Document #23 be stricken "as Davis never hired Mr. Sutton….")

Petitioner in this case. Just the opposite, counsels' actions were sound trial strategy given the nature of the charge, the evidence, and the lack of viable defenses to the charge. These claims are denied.

### e)   Attorneys' Conspiring and Retaliating Against Petitioner

Petitioner contends Attorneys Sutton and Crafts conspired with the Government to manipulate/coerce him into pleading guilty and retaliated against him for seeking their dismissal. (CV Dkt. 20 at 13-16.) Petitioner's claims that his guilty plea was coerced – including allegations that his Attorneys took evidence from his home or otherwise conspired with the government to manipulate him into entering the guilty plea have been fully considered and finally decided. (CR Dkt. 149.) Those claims, therefore, are barred. *Hayes*, 231 F.3d at 1139. Further, Petitioner's conclusory allegations are insufficient to show, nor does the record support finding, that these Attorneys conspired with the Government or acted in a retaliatory fashion towards Petitioner. Again, the record shows that Attorneys Sutton and Crafts employed a sound strategy to negotiate a favorable plea agreement given the circumstances of this case, that strategy was in the Petitioner's best interests, and was within the objective and reasonable range of competence expected of criminal defense attorneys.

### iii.   Trial Counsel Phillip Gordon

After granting Attorneys' Sutton and Crafts leave to withdraw, on September 18, 2008 the Court appointed Attorney Phillip Gordon as counsel for the Petitioner. (CR Dkt. 72.) Thereafter, Attorney Gordon and Petitioner both filed motions seeking to part ways. Ultimately, on December 9, 2008, the Court granted Petitioner's request to represent

MEMORANDUM DECISION AND ORDER - 22

himself and appointed Attorney Gordon as standby counsel. (CR Dkt. 81, 83, 93.) It was

in that posture that the matter proceeded to sentencing on December 19, 2008. (CR Dkt.

96.)

Petitioner makes several claims of ineffective counsel against Attorney Gordon.

(CV Dkt. 20 at 7, 16.) Many of these claims are the same as those raised with regard to

Petitioner's other counsel including failure to challenge the validity of the plea, consider

defense strategy and pursue insanity and other defenses, investigate/obtain evidence, and

investigate/obtain witnesses. For the same reasons stated above, these claims fail as to

Attorney Gordon. The validity of the plea has been fully and finally decided on appeal

and, therefore is barred here. *Hayes*, 231 F.3d at 1139. Further, Petitioner's conclusory

allegations have failed to show any deficient performance by Attorney Gordon or

resulting prejudice based on these claims. The record rebuts each of Petitioner's claims.

In particular as to Attorney Gordon, the Government has filed an Affidavit and attached

letter which shows unequivocally that Attorney Gordon's representation was well within

that which is expected of competent criminal defense counsel. (CV Dkt. 31 at Ex. 6 and

Att. A.) Petitioner's claims are without support in the law or the record.

Moreover, after Attorney Gordon was made standby counsel, his role was "to

relieve the judge of the need to explain and enforce basic rules of courtroom protocol or

to assist the defendant in overcoming routine obstacles that stand in the way of the

defendant's achievement of his own clearly indicated goals." *McKaskle v. Wiggins*, 465

U.S. 168, 182 (1984). Thus, any of Petitioner's arguments of ineffective assistance of

MEMORANDUM DECISION AND ORDER - 23

counsel after he began representing himself are without merit. *See United States v. Johnson*, 715 F.3d 1094, 1103 (8th Cir. 2013).

### iv.   Appellate Counsel Greg Silvey

On March 10, 2009, Attorney Greg Silvey was appointed to represent Petitioner in his appeal. (CR Dkt. 116.) Petitioner has raised multiple claims of ineffective assistance of counsel by Attorney Silvey alleging he failed to pursue specific arguments, obtain certain materials, and make particular inquiries regarding prior counsel and witnesses. (CV Dkt. 20 at 17-18.) These claims all appear to relate to Attorney Silvey's representation of the Petitioner before this Court following the Ninth Circuit's remand with regard to the voluntariness of his plea, not as his appellate counsel's performance before the Ninth Circuit. To that extent, all of those claims were fully and finally decided and are barred from being raised in this § 2255 matter. (CR Dkt. 149, 155, 160.) As to any claims made against Attorney Silvey during his representation on appeal, the Court finds the Petitioner has failed to make the requisite showing of any such claim. Further, Attorney Silvey's Affidavit rebuts all of Petitioner's arguments. (CV Dkt. 31, Ex. 5.)

To establish that his appellate counsel's performance was unconstitutionally deficient Petitioner must show that result of his direct appeal would have been different had his appellate counsel raised what Petitioner asserts is a meritorious claim. Appellate counsel's decision to not raise a weak issue on appeal indicates simultaneously that counsel's performance was objectively reasonable and that counsel's performance did not prejudice the defendant. *See United States v. Baker*, 256 F.3d 855, 862 (9th Cir. 2001); *Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001) ("[A]ppellate counsel's failure to

MEMORANDUM DECISION AND ORDER - 24

raise issues on direct appeal does not constitute ineffective assistance when appeal would not have provided grounds for reversal."). Generally, what claims to be raised on appeal are presumed to be left to the expertise of appellate counsel and the alleged "failure" to raise a meritless issue on appeal is not ineffective assistance of appellate counsel. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeals." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Consequently, "absent contrary evidence," the federal courts may "assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." *United States v. Brown*, 528 F.3d 1030, 1033 (8th Cir. 2008). However, "[b]ecause denial of effective [appellate] counsel is prejudicial *per se*," if a movant establishes that their appellate counsel failed to raise a meritorious claim in their direct appeal they have "demonstrated cause and prejudice for the failure to raise the contentions on direct appeal that" they then present in their section 2255 motion. *United States v. Skurdal*, 341 F.3d 921, 927–28 (9th Cir. 2003) (citing *Strickland*, 466 U.S. at 692 and *Penson v. Ohio*, 488 U.S. 75, 88–89 (1988) ("[T]he presumption of prejudice must extend as well to the denial of counsel on appeal.")).

On appeal, Attorney Silvey pursued the claims he believed were meritorious which prompted the remand and this Court's evidentiary hearing. (CR Dkt. 133.) Petitioner has failed to show any meritorious claims that were not raised and, therefore, has not shown any deficiency or prejudice by Attorney Silvey's appellant representation.

### E.    Constitutional Violations by the District Court

Petitioner makes multiple claims that the Court violated his First, Fifth, Sixth, and Eighth Amendment rights. (CV Dkt. 20 at 20-29.) In general, these claims challenge the Court's actions with regard to the Petitioner's request for legal resources; denial of his motion to suppress; rulings on motions to withdraw as counsel, for new counsel, and to proceed *pro se*; and the sentencing hearing and imposition of sentence.

In his written Plea Agreement, the Petitioner expressly waived his right to appeal or collaterally attack his conviction, entry of judgment, sentence, or entry of sentence. (CR Dkt. 56 at 15-16.) Although he continues to argue otherwise, the Petitioner's guilty plea in this case has been upheld by this Court as well as the Ninth Circuit. (CR Dkt. 149, 160.) Any claims challenging his conviction and sentence were waived under the terms of his Plea Agreement. Moreover, Petitioner did not raise any claims alleging the Court violated his constitutional rights on direct appeal and, therefore, these claims are procedurally defaulted absent a showing of cause and prejudice or actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Petitioner has failed to show an exception to the procedural default rule applies here. *Massaro*, 538 U.S. at 504. Further, the conclusory and unsupported claims are without merit. The record shows that the Court's rulings in this case with regard to providing counsel and legal resources to the Petitioner, allowing Petitioner to proceed *pro se*, rulings on evidentiary matters, consideration of Petitioner's mental condition, conducting the sentencing hearing, and imposition of sentence were all

consistent with the law and did not violate the Petitioner's constitutional rights. For these reasons, the claims raising constitutional violations by the Court are denied.

### F.   Prosecutorial Misconduct

Petitioner raises various claims of prosecutorial misconduct alleging the Government's conduct was improper throughout the case from the beginning investigation through the Petitioner's conviction. (CV Dkt. 20 at 32-35.) These claims contend the Government improperly handled and failed to disclose evidence and reassert Petitioner's ineffective assistance of counsel arguments.

Petitioner has waived his right to bring claims of prosecutorial misconduct in the Plea Agreement. (CR Dkt. 56.) These claims are also procedurally defaulted because they were not raised on direct appeal and the Petitioner has failed to show cause and prejudice or actual innocence. *Ratigan*, 351 F.3d at 964. Moreover, the claims have no merit. To establish a claim for prosecutorial misconduct, Defendant must show that the prosecutorial misconduct so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Id.* No such showing has been made here. As such, the Court finds that Defendant fails to state a claim for prosecutorial misconduct.

### 7.   Certificate of Appealability

A Petitioner cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a Petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the Court has dismissed a § 2255 motion (or claims within a §

MEMORANDUM DECISION AND ORDER - 27

2255 motion) on procedural grounds, a Petitioner must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that Petitioner has not made any showing, let alone a substantial one, of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court further finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. *Slack*, 529 U.S. at 483. Accordingly, the Court declines to issue a certificate of appealability.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1) Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (CV Dkt. 20) (CR Dkt. 165) is **DENIED**.

2) Petitioner's Motion to Unseal Document (CV Dkt. 26) is **DENIED**.

3) Petitioner's Motion for Appointment of Standby Counsel (CV Dkt. 27) is **DENIED**.

4) Petitioner's Motion for to Unseal Documents, Provide Copies, and Strike Notice of Appearance and request for a copy of the docket (CV Dkt. 28, 47) are **DENIED**.

5) Petitioner's Motion for Leave to Amend and/or Supplement (CV Dkt. 37) is **DENIED**.

6) Petitioner's Motions for Interlocutory Partial Summary Judgment (CV Dkt. 41, 46) are **DENIED**.

MEMORANDUM DECISION AND ORDER - 28

7)     Petitioner's Motion for to Correct Presentence Report and Sentencing Memorandum (CV Dkt. 42) is **DENIED**.

8)     Certificate of Appealability is **DENIED**.

9)     This case has been fully and finally decided. No further filings shall be made in this case.

DATED: November 1, 2016

Edward J. Lodge
United States District Judge

MEMORANDUM DECISION AND ORDER - 29